THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HTP, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIRST MERIT GROUP HOLDINGS, INC., *et al.*, <br><br> Defendants. | CASE NO. C21-0732-JCC <br><br> ORDER |

This matter comes before the Court on Defendants' motion to set aside the entries of default in this case (Dkt. No. 37). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS Defendants' motion for the reasons explained below.

In June 2021, Plaintiff filed a complaint in this Court asserting tort-based claims and seeking declaratory relief. (*See generally* Dkt. No. 1.) The complaint alleges that Defendants unlawfully utilized Plaintiff's proprietary information and/or intellectual property for their own benefit. (*Id.*) Plaintiff's counsel moved for entries of default, which the Clerk entered. (Dkt. Nos. 19, 32–34.) Shortly thereafter, counsel for Defendants appeared and filed the instant motion. (*See* Dkt. Nos. 35, 37, 44.) They ask the Court to vacate the entries of default. (*See generally* Dkt. No. 37.) They also ask for an award of attorney fees. (*See id.* at 20.)

The Court may set aside an entry of default "for good cause shown." Fed. R. Civ. P.

55(c). In making this determination, the Court considers "'(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004)). This test, which also applies to motions seeking relief from default judgment, is more liberally applied where a party seeks relief from an entry of default. *Id.* at 1091 n.1; *see Mendoza v. Wright Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986) ("The court's discretion is especially broad where, as here, it is the entry of default that is being set aside, rather than a default judgment."). The defendant bears the burden of showing that relief from default is warranted. *Franchise Holding II, LLC*, 375 F.3d at 926. Except in "extreme circumstances," a case should be decided on the merits rather than by default. *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). Here, the Court finds good cause to set aside the entries of default.

First, they were not due to Defendant's culpable conduct. A defendant's conduct is culpable if its failure to answer reflects bad faith, "such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Id.* at 1092 (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001)). Here, it appears there was a reasonable dispute between the parties as to whether Plaintiff's counsel was authorized to file the complaint and move for entries of default. (*Compare* Dkt. No. 48 at 14–17, with Dkt. No. 49 at 4–7.) While the Court need not resolve the issue to address the instant motion, this dispute is sufficient to establish a good faith basis not to respond to the complaint in a timely manner.

Second, Defendants have satisfied their burden "to make some showing of a meritorious defense as a prerequisite to vacating an entry of default." *Hawaii Carpenters' Tr. Funds v. Stone*,

794 F.2d 508, 513 (9th Cir. 1986). To make such a showing, a defendant "must present specific facts that would constitute a defense," but "the burden . . . is not extraordinarily heavy." *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1094 (quoting *TCI Grp.*, 244 F.3d at 700). The argument contained within Defendants' motion and reply brief, (*see* Dkt. Nos. 37 at 15–17, 49 at 2–4), satisfies the Court that "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust*, 794 F.2d at 513.

Third, Plaintiff does not dispute that it will not be prejudiced by setting aside the default. (*See generally* Dkt. No. 48.) Furthermore, Defendants have shown potentially meritorious defenses, and it is well-established that "merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default." *TCI Grp. Life Ins. Plan*, 244 F.3d at 701.

For the foregoing reasons, the Court GRANTS Defendants motion to set aside the entry of default (Dkt. No. 37). Defendants are ORDERED to file a responsive pleading to Plaintiff's complaint within fourteen (14) days of this order. The Court DENIES Defendants' request for attorney fees, as they provide no argument or legal support for the request, other than a cursory reference to Federal Rule of Civil Procedure 11. (*See* Dkt. No. 37 at 20.)

DATED this 26th day of October 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE