THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HTP, INC., | CASE NO. C21-0732-JCC |
| Plaintiff, | ORDER |
| v. | |
| FIRST MERIT GROUP HOLDINGS, INC., *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 52). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I.   BACKGROUND

According to its complaint, Plaintiff has worked since 2012 to develop diesel engine emission control technology. (Dkt. No. 1 at 3.)[1] In 2018, short of funds to continue its efforts,

---

[1] These efforts have spurned a plethora of litigation, the existence of which the Court may take judicial notice of. *See Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012). This litigation includes a securities fraud action, *see Rush Group Inc., et al. v. HTP, Inc., et al.*, King County Superior Court, Case No. 19-2-11400-2 SEA (2019); a technology conversion action, *see Karma Power, LLC v. HTP, Inc., et al.*, King County Superior Court, Case No. 20-2-05855-6 SEA (2020); an employment action, *see Evan Johnson, et al., v. HyTech Power LLC, et al.*, Case No. C20-1676-RAJ (W.D. Wash. 2020); a creditor claim, *see In re Estate of Clark*, King County Superior Court, Case No. 20-4-02154-4 SEA (2020); a TEDRA petition, *see In re Estate of Clark*, King County Superior Court, Case No. 20-4-05843-0 SEA (2020); a dissolution

Plaintiff entered into a joint venture agreement with JC Aviation Investments, LLC ("JCAI") under which Plaintiff contributed its technology to a newly formed entity, HyTech Power, LLC ("HyTech"), in exchange for a 48% interest, and JCAI contributed "money, contacts, and know how" for a 52% interest. (Dkt. No. 1 at 3.) With this infusion of capital, HyTech continued to develop the technology contributed by Plaintiff. (*Id.*) But by late 2019, HyTech had exhausted the funds. (*Id.* at 4.) HyTech required additional funding, and its owners could not agree on a path forward. (*Id.*)

Plaintiff then began to formulate its own plan, which involved raising funds to repurchase the technology from HyTech, continue its development without JCAI's oversight, and sell or license it to a third party already identified by Plaintiff. (*Id.* at 5.) Plaintiff alleges that it engaged Defendants First Merit Group Holdings, Inc. ("FMG"), Anthony Dutton, and Barry Lee to assist in this process and, at some point, Defendant David Richardson, too (collectively the "FMG Defendants"). (*Id.* at 5, 9–12.) Plaintiff contends that it worked with the FMG Defendants flesh out the details of the plan described above. (*Id.* at 8.) Ultimately, things did not work out as Plaintiff anticipated; the FMG Defendants, along with Evan Johnson, HyTech and Plaintiff's former Chief Technology Officer, allegedly formed their own entity to fund the repurchase, development, and sale of the technology—essentially cutting Plaintiff out of its own deal. (*Id.* at 3–5, 9, 13–15.) That entity eventually changed its name to NanoGen Technologies Group, Inc. ("Nanogen") and is a defendant in the present action. (*Id.* at 14.)

Plaintiff filed a complaint with this Court asserting tort-based claims against FMG and Nanogen, along with a declaratory judgment action solely against FMG. (*Id.* at 15–18.) Defendants move to dismiss all claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 52.)

---

and receivership action, *see JC Aviation Invest. v. HyTech Power, LLC, et. al.*, King County Superior Court, Case No. 20-2-08769-6 SEA (2020); and Plaintiff's own Chapter 11 bankruptcy petition, *see In re HTP, Inc.*, Case No. 21-11611-TWD (Bankr. W.D. Wash. 2021).

## II.  DISCUSSION

Under Rule 12(b)(1), a complaint must be dismissed if the Court lacks subject matter jurisdiction, which would include the complaining party's lack of standing to pursue its claims. *See* Fed. R. Civ. P. 12(b)(1); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998). To establish standing, the plaintiff must demonstrate that (1) it has suffered injury-in-fact, (2) the injury is fairly traceable to the challenged law, and (3) the requested relief would redress that injury. *Id.* at 560–61.

In their Rule 12(b)(1) motion, Defendants assert that it is plain from the complaint Plaintiff did not own the technology at issue and, therefore, could not be injured by Defendants' alleged attempts to acquire and develop it exclusive of Plaintiff. (Dkt. No. 52 at 14.) In response, Plaintiff concedes that it did not own the technology and contends that, because of this concession, Defendants' motion is properly considered a facial attack on its complaint. (Dkt. No. 59 at 8.) But Defendants make clear that they bring both a facial *and* a factual attack. (Dkt. No. 62 at 3.)[2] In resolving a factual attack, the Court may consider extrinsic evidence without converting the motion to one seeking summary judgment. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In doing so, "[t]he presumption of correctness . . . falls away on the jurisdictional issue." *Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998). Therefore, the Court will consider both the adequacy of the complaint *and* evidence presented by Defendants challenging the Court's jurisdiction.

Plaintiff first argues that, in addition to the technology it transferred to HyTech, it owned "other" technology that Defendants "squeezed out of [Plaintiff's] ownership by [their] unscrupulous business practices." (Dkt. No. 59 at 9.) But this is not consistent with the

---

[2] "[In] a factual [Rule 12(b)(1)] attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In contrast, in a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.*

complaint, which indicates that Plaintiff assigned all of its internal combustion engine and "other" technology to HyTech. (Dkt. No. 1 at 3.) Nor is it consistent with the evidence presented by Defendants, which includes HyTech's formation documents. (*See* Dkt. No. 38 at 430–52.) Those documents indicate, in no uncertain terms, that any technology Plaintiff acquires after HyTech's formation is to be assigned to HyTech. (*See id.* at 432.)

Plaintiff next argues that it was injured by Defendants' attempts to acquire, develop, and market the technology for themselves. (Dkt. No. 59 at 10.) According to Plaintiff, if not for Defendants' actions, it was in a position to raise the funds necessary to repurchase the technology from HyTech and bring it to market, using strategic relationships that Plaintiff had identified. (Dkt. No. 59 at 10.) However, Plaintiff supports this assertion with only a declaration from its Executive Chairman and exhibits evincing no more than preliminary discussions with a potential partner. (*See* Dkt. Nos. 46 at 1–20, 46-4 at 1–3.) "The party invoking federal jurisdiction bears the burden of establishing [standing]." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (internal citation and quotation marks omitted). And this requires an injury that is both "concrete and particularized" and "actual or imminent," as opposed to "conjectural or hypothetical." *Id.* at 560. The injury described and supported by Plaintiff is no more than hypothetical. It is far too speculative to establish an injury in fact as required for standing.

Because factual standing is lacking, the Court need not consider Defendants' Rule 12(b)(6) motion, at least for purposes of Plaintiff's tort-based claims. As for Plaintiff's declaratory judgment claim, Plaintiff fails to identify an agreement requiring the Court to determine its legal rights. Therefore, Plaintiff fails to present a justiciable controversy. *See Benton Cnty. v. Zink*, 361 P.3d 801, 805 (Wash. Ct. App. 2015) (citing *To–Ro Trade Shows v. Collins*, 27 P.3d 1149, 1153 (2001)).

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 52) is GRANTED.

1  Plaintiff's claims are DISMISSED with prejudice.³

3  DATED this 22nd day of December 2021.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

³ Dismissal with prejudice is proper because, based the evidence presented, further amendment would be futile. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012). Plaintiff's lack of cognizable injury is an insurmountable hurdle to establishing this Court's subject matter jurisdiction.

ORDER
C21-0732-JCC
PAGE - 5