UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HTP, INC., a Washington Corporation<br><br>Plaintiff,<br><br>v.<br><br>FIRST MERIT GROUP HOLDINGS INC., a Canadian provincial corporation, et al.<br><br>Defendants. | No. 2:21-cv-00732-BJR<br><br>ORDER GRANTING JOINT MOTION TO COMPEL |

## I.  INTRODUCTION

This matter comes before the Court on a joint motion to compel brought by all parties to this lawsuit, Plaintiff HTP, Inc., and Defendants (the "Parties"). The motion seeks an order compelling a third party, Western Washington Law Group ("WWLG"), to comply with a subpoena issued by the Parties. The subpoena directs WWLG to produce files belonging to WWLG's former clients, Plaintiff HTP and Defendant Evan Johnson, who are now on opposite sides in the instant dispute. Having reviewed the briefs and exhibits filed in support of the motion, and the objection thereto filed by WWLG, the Court finds and rules as follows.

ORDER GRANTING MOTION TO COMPEL
2:21-cv-00732
1

## II.  BACKGROUND

WWLG attorney Dennis McGlothlin filed this lawsuit on behalf of HTP. On May 26, 2023, McGlothlin withdrew his representation in response to Defendants' motion to disqualify, which was based on McGlothin's prior representation of Defendant Johnson. Through its new counsel, HTP subsequently requested its client files from WWLG, including documents held by WWLG related to this lawsuit. Talevich Decl., ¶ 4. McGlothlin responded by asking HTP to formalize its request in a subpoena. *Id.*, Ex. A. McGlothlin also set out additional conditions (or "protocol") on which production of the files depended, including that his former clients bear the cost of such production. HTP and Defendants issued a subpoena to WWLG on March 20, 2024, while stating it was "not in agreement with the protocol [McGlothlin] requested and does not believe that a subpoena should be necessary to obtain relevant documents from its former counsel." *Id.*, Ex. B.

Rather than produce the files, McGlothlin responded with an objection, stating that he required a written waiver of attorney-client privilege from both HTP and Johnson, and repeting his demand for compensation for expenses related to the production. *Id.*, Ex. C. In response, HTP provided signed requests for the documents and stated "[n]o costs of reproduction should be necessary." *Id.*, Ex. D. McGlothlin did not produce the requested documents by the return date provided by the subpoena, claiming he was in the process of getting a quote for the cost of reproducing the files. Over the following weeks, McGlothlin did not produce the files, despite

ORDER GRANTING MOTION TO COMPEL
2:21-cv-00732
2

representations that he would do so, and instead made excuses for that failure. To date, the files have not been produced.

### III.   DISCUSSION

WWLG does not deny that it has documents that are responsive to the Parties' subpoena, or claim that it is unable to access those documents. Instead, in response to the Parties' motion, WWLG has objected to production of McGlothlin's former clients' files based on several frivolous grounds. For example, it argues that the subpoena was not properly served, and that Federal Rule 45, which governs the subpoena of documents to third parties, requires that the cost of producing such documents be borne by the requesting party.

However, production of the client files at issue here is not governed by Federal Rule 45 or subject to that rule's protections.[1] Under Washington Rules of Professional Conduct 1.16(d), "[u]pon termination of representation, a lawyer shall ... surrender[ ] papers and property to which the client is entitled." As the WSBA's Advisory Opinion 181 explains, in the absence of "an express agreement to the contrary," an attorney has an obligation to turn over files belonging to a client at the client's request, with any copies to be retained by the attorney made *at the attorney's expense*:

> II. Responding to a former client's request for files

---

[1] Furthermore, the Parties have submitted evidence that they delivered the subpoena to WWLG by email, in precisely the manner McGlothlin requested. *See* Talevich Decl., Ex. A. WWLG cannot now be heard to complain of service in a manner it prescribed.

ORDER GRANTING MOTION TO COMPEL
2:21-cv-00732
3

> A. Issue: When a former client requests the file and no lien is asserted, what copying costs can a lawyer charge and what papers and files must be delivered?
>
> B. Conclusion: At the conclusion of a representation, unless there is an express agreement to the contrary, the file generated in the course of representation, with limited exceptions, must be turned over to the client at the client's request, and if the lawyer wishes to retain copies for the lawyer's use, the copies must be made at the lawyer's expense.

WSBA Rules of Prof'l Conduct Comm., Advisory Opinion 181 (rev. 2009). WWLG has not claimed there was "an express agreement to the contrary," and does not otherwise attempt to explain why the Washington Rules of Professional Conduct do not govern the circumstances here. While it claims it will take "dozens of hours" to extract the "targeted" material the Parties have requested, it has failed to demonstrate that this may be attributed to any unreasonableness in the request, or to anything other than an inadequate filing and/or document retention system on its part. Indeed, by imposing excessive conditions and engaging in unreasonable delay in the return of client files, McGlothlin and WWLG are potentially exposing themselves to discipline for violations of the rules of professional ethics. *See In re Disciplinary Proceeding Against Eugster*, 166 Wn. 2d 293, 327 (2009), as corrected (Sept. 23, 2009) (affirming suspension of attorney for, among other things, "refus[ing] to turn over his client's files and important papers as requested.").

Another of WWLG's objections to the Parties' request for the former clients' files is that the method of delivery described in the subpoena differs from the method agreed upon in subsequent correspondence. The Parties fail to address this "objection" in their reply brief, but it is a frivolous one in any event. WWLG shall produce the documents in whatever reasonable

ORDER GRANTING MOTION TO COMPEL
2:21-cv-00732
4

manner its former clients request and in the absence of indication to the contrary, should follow its former clients' most recent directions.

## IV. CONCLUSION

For the foregoing reasons, the Parties' Joint Motion to Compel is GRANTED. The discovery deadline in this matter is September 4, 2024, and has already been continued at least once. The Parties are on notice that absent truly extraordinary circumstances, this matter will not be continued again. To that end, Western Washington Law Group is ORDERED to produce all responsive documents requested in the March 13, 2024 Subpoena for Documents (Exhibit B to the Declaration of Peter A. Talevich) within five (5) judicial days of this Order, a deadline that is reasonable given the amount of time this request has been pending.[2]

Dated: August 6, 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

---

[2] This Order does not relieve WWLG and McGlothlin of their obligation to maintain privileges held by third parties not involved in this lawsuit.

ORDER GRANTING MOTION TO COMPEL
2:21-cv-00732
5

*Presented by:*

WESTERN WASHINGTON LAW GROUP. PLLC

*/s/ Robert J. Cadranell*
Dennis J. McGlothin, WSBA No. 28177
Robert J. Cadranell, WSBA No. 41773
P.O. Box 468
Snohomish, WA 98291
Tel:   425-728-7296
Fax:   425-955-5300
Email: robert@westwalaw.com
docs@westwalaw.com
*Counsel for Plaintiffs*

Form Agreed to, Notice of Presentment Waived

LASHER HOZAPFEL SPERRY & EBERSON, PLLC

*/s/Sean V. Small*
Sean V. Small, WSBA No. 37018
2600 Two Union Square
601 Union Street
Seattle, WA  98101-4000
(t) \(f)
Tel:   206 624-1230
Fax:   206-340-2563
*Counsel for Defendants*

K & L GATES LLP

*/s/ Peter A. Talevich*
Philip M. Gates, WSBA No. 26765
Peter A. Talevich, WSBA No. 42644
925 Fourth Ave., Suite 2900
Seattle, WA 98104-1158
Tel:   206 623-7580
Fax:   206-623-7022
*Co-Counsel for Plaintiff*

ORDER GRANTING MOTION TO COMPEL
2:21-cv-00732
6